The opinion of the Court was delivered by
Pocini, J.
This is an action for damages, in which plaintiff charges in substance, that at the instance of defendant, who claimed to be the owner, by qrarchase at a partition sale of her husband’s succession, of the house and lot in which she had resided before and since her husband’s death, she was illegally ejected from her home by the constable of a justice’s court, in execution of a judgment of said court.
She charges the’nullity of said judgment, which was rendered on the law of landlord and tenant, on the ground that she was not a tenant of the defendant, and that said judgment of the justice’s court was virtually a judgment passing on the title to immovable property, over which said court had no jurisdiction, and she claims damages in the sum of two thousand dollars.
Defendant appeals from a verdict and judgment in plaintiff’s favor, for five hundred dollars.
We note that plaintiff in her petition does not allege ownership of the property, and does not pray to be recognized as such, and hence the question of ownership cannot be passed upon in this case.
Plaintiff charges that the judgment in the justice’s court was obtained by deception and fraud, and is an absolute nullity. An inspection of the record of that case shows that plaintiff was duly cited in an ejectment suit as a tenant, and that a judgment, regular in form and valid on its face, was rendered and duly notified. No appeal was taken from said judgment, no action in nullity was filed, and judgment is, therefore, final.
It maybe, as plaintiff argues, that the evidence did not show that she was a tenant of defendant, and that the true object of the suit was to place defendant in possession of immovable property, under an issue involving a question of title, over which the court had no jurisdiction. But there is no evidence in the record to support those allegations, or to show that such proof was made in the justice’s court. As the judgment is not absolutely null, we have no authority to review it, and must conclude that it is what it purports to be, a judgment of ejectment between landlord and tenant.
Hence, the defendant Brinkman cannot be held responsible in damages for causing the execution of a valid judgment rendered in his favor; and is not responsible for the acts of the officer charged with *833 tlie execution, unless it be proven that he directed the officer as to the manner and mode of executing the judgment. 11 A. 476, Barrymore vs. McFeely, 32 A. 1179.
The record shows that the defendant was not present and did not in any manner interfere with the officer in the discharge of his duty.
As the judgment under which plaintiff was expelled is final and valid on its face, and as she does not claim title or ownership to the property from which she wns ejected, we are at loss to conceive upon whait grounds she can recover damages in this suit.
Hence, we conclude, that there is error in the verdict of the jury.
It is, therefore, ordered, adjudged and decreed, that the verdict of the jury be set aside, and the judgment of the lower court annulled, avoided and reversed, and it is ordered that plaintiff’s demand be rejected, and her action dismissed, as in case of non'-suit, at her costs in both Courts.
Rehearing refused.
Levy, J., absent.